Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 5306 | DATE | 1/25/2001 |
| CASE TITLE | Ferraiolo vs. Siemens Information | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 2/26/2001 at 10:15 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order. Defendant's motion to dismiss counts IV and V of plaintiff's amended complaint is granted without prejudice. Plaintiff is granted leave of court to amend count V and/or Count IV by 2/26/01. Status hearing of 2/19/01 is hereby vacated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JAN 2 6 2001 date docketed | 30 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 1/26/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| SM | courtroom deputy's initials | | SM mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREA FERRAIOLO,

    Plaintiff,

v.

SIEMENS INFORMATION AND
COMMUNICATIONS NETWORKS, INC.,
and CHRISTOPHER MEANEY,

    Defendants.

Case No. 99 C 5306

Magistrate Judge Ian H. Levin

DOCKETED
JAN 2 6 2001

## MEMORANDUM OPINION AND ORDER

This cause coming on to be heard on Defendants' motion to Dismiss Counts IV and V of Plaintiff's amended complaint, the matter being fully briefed, and the court being duly advised in the premises, the court finds and orders as follows:

### FRAUDULENT MISREPRESENTATION (Count V)

1. The amended complaint fails to allege the required who, when, where and how as to the subject promise to hire two hundred consultants. *See Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir. 1998) (contrasting notice pleading with heightened pleading, i.e., "the who, what, when, where and how" required for fraud claims.)

2. Plaintiff has not sought to allege that Defendant's representation concerning the promise of two hundred consultants was the scheme employed to accomplish the fraud. *See* Fed.R.Civ.P. 9(b); *Barille v. Sears, Roebuck and Co.*, 682 N.E.2d 118, 125 (Ill. 1997.)

30

## TORTIOUS INTERFERENCE WITH PROSPECTIVE
## ECONOMIC ADVANTAGE (COUNT IV)

The tort of interference with prospective economic advantage is intended to prohibit instances of "outsiders intermeddling maliciously in the contracts or affairs of other parties." *Loewenthal Securities Co. v. White Paving Co.*, 184 N.E. 310, 315 (Ill. 1932). In order to state a claim for tortious interference with prospective economic advantage, a complaint must plead facts sufficient to show *inter alia* that the defendant unjustifiably and intentionally interfered to prevent fulfillment of the Plaintiff's reasonable expectation of entering into a valid business relationship. *Frederick v. Simmons Airlines, Inc.*, 144 F.3d 500, 502 (7th Cir. 1998) (citing *Anderson v. Van Dorpel*, 667 N.E.2d 1296 1299 (Ill. 1996)).

Here, the amended complaint does not contain the requisite complaint allegation(s) that there was any malicious intermeddling or unjustifiable and intentional interference by Defendants with the subject one hundred fifty contacts/potential clients of the Plaintiffs.[1]

## CONCLUSION

In view of the foregoing, the motion to dismiss Counts IV or V is granted without prejudice. After review by Plaintiff's counsel and Plaintiff, if Plaintiff chooses, she can file an amended Count V or Count IV, or both (or neither).

**Dated:** January 25, 2001        **ENTER:**

_____
IAN H. LEVIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has reviewed and considered the other points raised by Defendants as to Count IV. And the Court finds, respectfully, and considering notice pleading requirements as to several of the points, that these points don't support a dismissal of this Count.

2